W. B. WRIGHT and P. H. WRIGHT, HIS WIFE, *vs.* DUNCAN Mc-CORMICK.

Where in a petition for partition of land, the tract was described by metes and bounds, and title was claimed under a patent to J. M., which was referred to as an exhibit, but the date of which was incorrectly stated, and the answer of the defendant admitted, that he claimed title to a tract of land of similar courses and distances with that described in the petition, patented to J. M., Nov. 6th, 1784, and alleged that if the identity of the land was ascertained by survey, then he was a tenant in common with the petitioner, otherwise, not: *Held*, that while it would have been more regular to require the plaintiff to amend his petition by giving the true date of the grant, and allow the defendant to amend his answer, it was not error to permit the plaintiffs to produce the grant as an exhibit at the hearing, without such amendment, and order the partition.

In case of ambiguity and uncertainty in pleading, the words are to be taken most unfavorably to the party using them.

Petition for partition of land, filed in the County Court of CUMBERLAND in 1867, and transferred to the Superior Court after the adoption of the present Constitution, and heard before *Buxton, J.*, at Spring Term 1872.

The statements in the pleadings upon which the case turned are sufficiently given in the opinion of the Court.

*Strange* for the plaintiffs.
*B. & T. C. Fuller* for the defendant.

RODMAN, J. This case should never have come to this Court; but having come here, it is our duty to decide it.

The plaintiffs in their petition allege that they own an undivided half of a certain piece of land which was granted to John Matthews, November 6, 1805, and they set forth the boundaries, and beg leave to refer to the original grant as an exhibit; that the defendant claims the other undivided half, and they pray process, &c., and a partition.

The defendant answers, that he claims title to a tract of land, the courses and distances of which are similar to those set forth in the petition, which was patented by John Matthews, November 6, 1784; and if it is ascertained by survey and actual location that the land is the same with that conveyed to him, then he is a tenant in common with the petitioner; otherwise he is not.

The case came up for hearing upon the pleadings. and the Judge allowed the plaintiff to produce, as the exhibit referred to in his petition, a grant to Matthews dated November 6, 1784. We think the Judge was right in allowing this; but he ought at the same time to have required the petitioner to amend his petition, by inserting the true date of his grant. This amendment being made, the defendant also should have been allowed to amend his answer; or, if he refused to do so, the plaintiff might have demurred to it for uncertainty. Neither of these were done. The defendant contends that the Judge erred, in understanding his answer to admit that he was a tenant in common with the plaintiff, and that is the inquiry before us. It is a rule of construction, of which no pleader has a right to complain, that all uncertainties and ambiguities in his pleadings shall be taken in the sense most unfavorable to him; for he has at all times the power, and it is his duty to make them plain. And as, if the uncertainty occurs by accident or oversight, he can cure it by amendment when it is pointed out, a failure to amend shows that the uncertainty is of purpose, and designed to mislead his adversary; and no party can be allowed to profit by such an artifice.

The petition substantially and with sufficient clearness described the land; the error was in a false recital of the date of the grant. It can scarcely be true that the defendant was in any uncertainty as to what land was really meant. If he was, it was within his power to call for a further description, which the Court would have required the plaintiff to furnish. As he failed to do this, the certainty of the land must be assumed to

have been known to him, and it was his duty either to disclaim the title, or to allege that he was sole seized, or admit the tenancy in common. Certainly he does neither of the two first. And he does the last not plainly and directly, but if it is ascertained by a survey that the land is the same with what he claims ; thus apparently trying to put on the petitioner the sole expense of the survey and location of the land, which properly belonged to both. We think the Judge was right in his construction of the answer, and in disappointing the attempt to impose an unequal burden upon the plaintiffs.

Judgment affirmed. A copy of this opinion will be certified, &c.

Per Curiam.                          Judgment affirmed.